UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXANDROS SAVVIDIS,

                Plaintiff,

-against-

BANK OF AMERICA NA,

                Defendant.

22-CV-8982 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Greece, brings this *pro se* action asserting claims of fraud against Defendant Bank of America NA.[1] The Court construes the complaint as being brought under the court's diversity of citizenship jurisdiction. For the following reasons, this action is transferred to the United States District Court for the District of Connecticut.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

---

[1] Plaintiff paid the fees to file this case.

Plaintiff alleges that Defendant committed fraud in relation to mortgaged real property located in Norwalk, Connecticut. He provides a Charlotte, North Carolina, address for Defendant, which appears to be the address of Defendant's national headquarters. Plaintiff alleges that "jurisdiction" is proper in this court because Defendant has "substantial interests and ties to the State of New York." (*Id.* at 7.) The Court construes Plaintiff's allegation as asserting that venue is proper in this District because Defendant is subject to personal jurisdiction in this District with respect to this action. Even if the Court did assume that it has personal jurisdiction over Defendant with respect this action and that venue is therefore proper here under Section 1391(b)(1), because Plaintiff brings his claims regarding property located in Connecticut, venue would also be proper under Section 1391(b)(2) in the District of Connecticut.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The real property that is the subject of Plaintiff's claims is located in Connecticut, the complaint invokes Connecticut law, and it is reasonable to expect that relevant documents and witnesses also would be in Connecticut. Moreover, other than stating that Defendant has ties to New York, Plaintiff alleges no facts suggesting that his claims have any connection to this District. The District of Connecticut appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Connecticut. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. A summons shall not issue from this Court. Whether summonses shall issue from the transferee court is a question for the transferee court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 31, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge